UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL JAMES ROBBINS,

        Plaintiff,

   v.

JOE LIZARRAGA, et al.,

        Defendants.

No.  2:14-cv-1931-EFB P

ORDER

Plaintiff Earl James Robbins is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  He seeks leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a).  For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Robbins v. Riverside County Board of Supervisors*, No. 5:06-cv-0236-UA-RC (Mar. 13, 2006 C.D. Cal.) (order dismissing action for failure to state a claim because action barred by *Rooker-Feldman* doctrine); (2) *Robbins v. Riverside County Board of Supervisors*, No. 5:09-cv-1326-UA-RC (July 23, 2009 C.D. Cal.) (order dismissing action as being legally and/or patently frivolous and for failure to state a claim because untimely and barred by *Heck v. Humphrey*); and (3) *Robbins v. Husen*, No. 5:10-cv-788-UA-RC (June 8, 2010 C.D. Cal.) (order dismissing action as being frivolous, malicious, or failing to state a claim). *See also Robbins v. Sandoval*, No. 2:10-cv-8271-UA-JCG (Nov. 29, 2010 C.D. Cal.) (order designating plaintiff a three strikes litigant for purposes of section 1915(g)); *Robbins v. Stanley*, No. 5:11-cv-1662-UA-JCG (Nov. 2, 2011 C.D. Cal.) (same).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

In the complaint, plaintiff seeks the return of photos that were allegedly taken from him on the grounds that they contained nudity. ECF No. 1. His allegations do not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Because plaintiff has not paid the filing fee and is not eligible to proceed *in forma pauperis*, this action must be dismissed.

/////

/////

/////

1          Accordingly, it is hereby ORDERED that this action is dismissed without prejudice to re-
2  filing upon pre-payment of the $400 filing fee.
3  Dated:  October 14, 2014.

         EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE